NOT FOR PUBLICATION OR CITATION

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

CIVIL ACTION NO. 06-CV-201-JBC

MATTHEW JACK MORRIS                                                    PETITIONER

VS:                         **MEMORANDUM OPINION AND ORDER**

STEPHEN M. DEWALT                                                      RESPONDENT

**       **       **       **       **

Matthew Jack Morris ("Morris"), a *pro se* petitioner, is incarcerated at the Federal Medical Center in Lexington, Kentucky.  He has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the $5.00 filing fee.  This matter is before the court for screening.  28 U.S.C. § 2243;  *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. § 1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

**BACKGROUND**

On May 27, 1998, a jury found Morris guilty of conspiracy to possess with the intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2, as well as of possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  The jury acquitted Morris on a third charge of possession with intent to distribute.

At his sentencing hearing, Morris challenged portions of the presentence investigation report ("PSI") with respect to the calculation of drug quantity.  Because the jury convicted Morris on Count III, the district court included the 327 grams of methamphetamine seized from Morris's car on the date of his arrest on July 17, 1997, which related to that charge.  As Morris was acquitted on Count II, the district court did not include the 20-25 ounces of methamphetamine allegedly stolen from Morris's residence by co-conspirator Bragg on July 4, 1997.  The jury had found Morris guilty under Count I of possessing methamphetamine with intent to distribute it  from June 1992 to August 1997, but it is unclear from the record whether the trial testimony of co-conspirators established the amount of methamphetamine involved.  The PSI concluded that 36 ounces of methamphetamine should be attributed to Morris on this charge based on co-conspirator Bragg's testimony that he had purchased one-ounce quantities from Morris each month for three to four years.  But the testimony of the probation officer at the sentencing hearing is contradictory with respect to whether Bragg's testimony to this effect was given at trial or was merely given to police during their investigation.   The district court apparently assumed the latter but, in accordance with the practice at the time, concluded that this hearsay testimony was reasonably reliable and used it to attribute this amount to Morris

under Count I.  The combined amount of methamphetamine in grams therefore totaled 1348 grams.  The PSI indicated that the applicable guideline required a sentence between 188 to 235 months.  However, because the statutory minimum sentence for both Count I and Count III was 20 years to life, 21 U.S.C. §§ 841(a)(1)(A), 851, the statutory minimum became the guideline range, U.S.S.G. § 5G1.1(b).  Therefore, on November 15, 1998, the district court imposed the statutory minimum sentence and sentenced Morris to a 240-month term of incarceration to be followed by a 10-year term of supervised release.

Morris appealed his conviction to the Eleventh Circuit, which affirmed that conviction on May 4, 2000.  Morris filed his motion to vacate his sentence under 28 U.S.C. § 2255 on July 2, 2001, which was denied as untimely by the district court on January 14, 2002.  The Eleventh Circuit affirmed on appeal on July 18, 2003.  *U.S. v. Morris*, 97-CR-44, Southern District of Georgia [Record Nos 102, 117, 142, 153, 169, 184 therein].

In his present petition under 28 U.S.C. § 2241, Morris contends that to the extent the district court relied during his sentencing hearing upon out-of-court statements made by co-conspirators to the probation officer, his Sixth Amendment right to confront adverse witnesses was violated.  Morris further contends that to the extent the district court determined the amount of methamphetamine by a preponderance of the evidence based upon such out-of-court statements, his due process rights under the Fifth Amendment were violated.

## DISCUSSION

A habeas corpus petition pursuant to Section 2241 is not the appropriate avenue for relief under the circumstances of this case.  Typically, 28 U.S.C. § 2241 is used by

prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence.  *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).  As Morris challenges the legality of his sentence, he ordinarily must raise this claim through a post-conviction motion under 28 U.S.C. § 2255.  While Morris's petition does not include an assertion that his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention, the court will construe his petition as an attempt to invoke this court's habeas corpus jurisdiction under Section 2241 pursuant to the "savings clause" of Section 2255.  28 U.S.C. § 2255, ¶5.  It appears from the court's review of the record in Morris's prior legal proceedings that Morris has not previously presented his claim in a prior post-conviction motion under Section 2255 and been denied relief by the trial court.  The court must therefore determine whether his remedy under Section 2255 is "inadequate or ineffective" before he is entitled to its consideration of his claims on the merits.

    In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that Section 2241 is not a "catch all" remedy, but is available only upon the petitioner's demonstration that his Section 2255 remedy is truly "inadequate and ineffective."  *Id.* at 756.  The court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law.  *Id.; see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).  In *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit further clarified *Charles* by holding that the "savings clause" may be invoked by a petitioner only where he presents a viable claim of

"actual innocence" based upon a subsequent Supreme Court decision interpreting the substantive terms of the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id*. at 804; *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.").

Here, Morris does not assert that his conduct did not violate the substantive terms of the criminal statutes under which he was convicted based upon a subsequent Supreme Court decision that more narrowly interprets the scope of the conduct proscribed. Rather, he challenges the process used to sentence him. Such procedural challenges fall exclusively within the scope of a direct appeal or a motion to vacate under Section 2255. Because the claims in Morris's habeas corpus petition do not present a facially valid claim that he is "actually innocent" of the offense charged, the savings clause of Section 2255 does not permit him to pursue this claim in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

Even if *Charles* and *Martin* did permit the court to reach Morris's claims on the merits, they would fail.

With respect to Morris's burden-of-proof claim, although he does not expressly identify it as such, his challenge to the district court's findings with respect to drug quantity by a preponderance of the evidence under U.S.S.G § 2D1.1 is essentially a challenge under *United States v. Booker*, 543 U.S. 220 (2005). In *Booker*'s predecessor, *Apprendi*

*v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved a beyond reasonable doubt. In *Booker*, the Supreme Court applied that holding to cases decided under the federal sentencing guidelines.  Thus, if *Booker* applies to Morris's collateral attack, the sentencing court could not permissibly determine the drug amount by a preponderance of the evidence to impose a sentence which exceeds the statutorily mandated maximum sentence based upon the amount of drugs necessarily found by the jury beyond a reasonable doubt.

But a federal habeas corpus petitioner may generally not rely on a "new" rule of criminal procedure decided after his conviction has become final on direct appeal.  *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004).   In a particular case, a court engages in a three-step analysis to determine whether the new rule may be applied to a case on collateral review.  *Teague v. Lane*, 489 U.S. 288 (1989).  First the court determines when the defendant's conviction became final.  The court next decides whether the rule in question is actually "new."  *Beard v. Banks*, 542 U.S. 406, 411 (2004).  If it is, the court must determine whether the new rule falls into either of two exceptions to nonretroactivity. *Lambrix v. Singletary*, 520 U.S. 518 (1997).

The Eleventh Circuit affirmed Morris's conviction on May 4, 2000, and hence his conviction became final ninety days later, on August 2, 2000, upon the expiration of the 90-day period in which he could have petitioned for certiorari to the Supreme Court, even though he did not file such a petition.  *Sanchez-Castellano v. United States*, 358 F.3d 424,

426 (6th Cir. 2004).   Morris's conviction therefore became final prior to the Supreme Court's *Booker* decision in 2005.   Morris may thus rely on *Booker* only if it did not announce a "new" or "watershed" rule of criminal procedure but was instead clearly foreshadowed by existing precedent.   But the Supreme Court and the Sixth Circuit have foreclosed such a conclusion:   *Booker* itself stated it was applicable to cases on direct review, *Booker*, 543 U.S. at 268, and the Sixth Circuit has held that *Booker* cannot be used to collaterally attack a sentence, *Humphress v. U.S.*, 398 F.3d 855, 861 (6th Cir. 2005).

With respect to his claim under the Confrontation Clause, it is currently the law that a district court's use of hearsay testimony to establish drug quantity beyond a reasonable doubt violates *Apprendi. United States v. Darwich*, 337 F.3d 645, 656 (6th Cir. 2003).   The Eleventh Circuit affirmed Morris's conviction on May 4, 2000, and hence it became "final" for *Teague* purposes on August 2, 2000.   Because *Apprendi* was decided on June 26, 2000, before Morris's conviction became final on direct appeal, he may collaterally attack his sentence on *Apprendi* grounds despite the fact that it announced a "new" rule of criminal procedure.

Nonetheless, such a challenge would fail because the district court did not apply its findings on drug quantity to exceed the maximum sentence Morris would have received under the guidelines based upon facts the jury necessarily found beyond a reasonable doubt.   Rather, as it indicated during the sentencing hearing, the sentencing court simply imposed the statutorily mandated minimum sentence.   As the PSI correctly noted, the statutory minimum sentence for each of Morris's offenses was 20 years to life under 21 U.S.C. §§ 841(a)(1)(A), 851.   Accordingly, the statutory minimum sentence became the

guideline range under U.S.S.G. § 5G1.1(b).  This was the sentence imposed by the sentencing court.  As the probation officer indicated in his response to objections, even "[t]he elimination of *all* relevant conduct drug amounts in the instant offense would not change the guideline range due to the mandatory minimum sentences required pursuant to 21 U.S.C. §851."  (emphasis added)

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)  Petitioner Morris's petition for a writ of habeas corpus is **DENIED.**

(2)  The court certifies that any appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3)  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Signed on July 13, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

-8-